IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUSTIN R. NEIL,  )<br>  )<br>    Plaintiff,  )<br>  )  CIVIL ACTION<br>v.  )<br>  )  No. 12-2334-JWL<br>CAROLYN W. COLVIN,[1]  )<br>Acting Commissioner of Social Security,  )<br>  )<br>    Defendant.  )<br>_____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of Dr. Bucklew's opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.    Background**

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI benefits, alleging disability beginning November 2, 1997. (R. 26, 98-109). In due course, Plaintiff was denied benefits, exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision. He alleges that the Administrative Law Judge (ALJ) erred in many respects in assessing his residual functional capacity (RFC). The Commissioner argues that the assessment was proper.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed for Plaintiff. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated Dr. Bucklew's opinion.

## II. Evaluation of Dr. Bucklew's Non-examining Source Opinion

Among the numerous errors Plaintiff alleges the ALJ made in assessing RFC, he claims the ALJ purported to accord "great weight" to the opinion of Dr. Bucklew (a psychologist who reviewed the medical records and completed a Psychiatric Review Technique form and a Mental Residual Functional Capacity Assessment form for the state Disability Determination Service), but failed to explain as required by Social Security Ruling (SSR) 96-8p why certain of Dr. Bucklew's opinions were rejected. (Pl. Br. 16-20). The Commissioner points out that an ALJ is not required to adopt entirely any medical opinion when making an RFC assessment. (Comm'r Br. 9) (citing Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012)). She argues that the RFC assessment "reflected [both] Dr. Bucklew's opinion and evidence from Plaintiff's treatment providers," and therefore properly reflected only a portion of Dr. Bucklew's opinion. (Comm'r Br. 9). She argues that there is no error because substantial record evidence supports the ALJ's assessment. Id. at 9-10.

4

The Commissioner appears to misapprehend Plaintiff's argument. Plaintiff does not argue that the ALJ erred in assessing an RFC based on evidence from more than one medical source.[2] Rather, he argues that the ALJ accepted portions of Dr. Bucklew's opinion and rejected portions of the same opinion but did not explain why he rejected portions of the opinion, all while purporting to accord "great weight" to the opinion.

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir.

---

[2]The court acknowledges that portions of Plaintiff's Brief might be read to assert the erroneous notion that an ALJ's RFC assessment must accept or reject each medical opinion as a whole. I.e. (Pl. Br. 20) ("The ALJ here did not adopt any of the opinions in total, and found Neil not credible. Upon what, then did he base his RFC?"). But, as to Dr. Bucklew's opinion, it is clear that Plaintiff argues that the ALJ erred in omitting "several portions of Dr. Bucklew's opinions from the RFC" without explanation, while purporting to accord "great weight" to the opinion. Id. at 16.

2003); 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)). Evidence from non-examining medical sources such as state agency psychologists is considered opinion evidence. 20 C.F.R. §§ 404.1527(f), 416.927(f). ALJ's are not bound by such opinions but must consider them. Id., §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). Such opinions must be evaluated using the regulatory factors previously enumerated, and the ALJ must explain in the decision the weight given them. Id., §§ 404.1527(f)(2)(ii & iii), 416.927(f)(2)(ii & iii).

Here, the parties agree that the ALJ considered Dr. Bucklew's medical opinion and accorded it "great weight." (R. 35). Plaintiff argues however that the ALJ did not accord "great weight" to all of the opinion, and in fact rejected portions of the opinion. As Plaintiff suggests, Dr. Bucklew specifically opined that Plaintiff is "capable of performing in a low stress environment" (R. 315), and is "moderately limited" in the abilities "to sustain an ordinary routine without special supervision" (R. 316), "to interact appropriately with the general public," "to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," and "to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." (R. 317).

In summarizing Dr. Bucklew's opinion, the ALJ stated that the psychologist "opined that the claimant was able to perform low stress work in an environment with limited social contact." (R. 35) (citing Exs. 4F, 5F (R. 305-18)). He accorded "great weight" to the opinion because state agency psychological consultants are experts in

6

evaluating medical issues in disability claims, because Dr. Bucklew rendered the opinion after a thorough review of the record, and because the opinion is consistent with the record as a whole. Id. However, as Plaintiff points out, the ALJ did not mention each of the limitations opined by Dr. Bucklew and found only one limitation in Plaintiff's RFC: "a moderate limitation in the ability to socially function in an appropriate manner, such that he is precluded from work where public interaction is a primary job component." (R. 30). The limitation assessed by the ALJ says nothing about a low stress environment; about what, if any, supervision Plaintiff will need in order to sustain a routine in the workplace; about what, if any, limitations are needed in working with coworkers; and about what, if any, limitations in the workplace are necessary because of Plaintiff's limitations in maintaining socially appropriate behavior, neatness, or cleanliness. However, each of these limitations were opined to some degree by Dr. Bucklew.

The court does not intend to imply that each of the limitations opined by Dr. Bucklew were, or must be, accepted by the ALJ. And, it does not intend to imply that each of the limitations opined is to such a degree as to have a significant effect on Plaintiff's workplace or on the number of jobs which he is able to perform. However, each of the limitations has the possibility of affecting the workplace and/or the number of jobs available to Plaintiff, and appears to at least potentially conflict with the RFC assessed. It is the ALJ's responsibility to explain how any ambiguities and material inconsistencies in the evidence were considered and resolved, and to explain any conflicts between his RFC assessment and every medical opinion. SSR 96-8p, West's Soc. Sec.

7

Reporting Serv., Rulings 149-50 (Supp. 2013).  Here, the ALJ stated that he gave "great weight" to Dr. Bucklew's opinion, but he did not explain these ambiguities or how he resolved these apparent conflicts between his RFC assessment and Dr. Bucklew's opinion.  As Plaintiff points out an ALJ may not pick through a medical report, choosing those portions which are favorable to his decision, and ignoring those portions which are not.  Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).  The ALJ did not recognize and resolve or explain the conflict between Dr. Bucklew's opinion and his RFC assessment.  Remand is necessary in such circumstances for the ALJ to explain his decision properly.  Id.

**IT IS THEREFORE ORDERED** that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this decision.

Dated this 22nd day of October 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**